## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARK CARTER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil No. SAG-23-3177** |
| | * | |
| **DONALD EUGENE GIFFORD,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Mark Carter, who is presently self-represented, filed this tort action in Maryland state court.[1] ECF 3. Defendant Donald Eugene Gifford removed the lawsuit to this Court, citing diversity jurisdiction. ECF 1. Defendant has now filed a motion for summary judgment, ECF 14. Despite having been advised of the potential consequences of a failure to respond to that motion, ECF 15, Plaintiff has not filed any response and the deadline has now expired. This Court has reviewed the motion and attached exhibits. ECF 14. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion for summary judgment will be granted.

## I.      BACKGROUND

The facts are viewed in the light most favorable to Plaintiff, the non-moving party. On September 30, 2020, Plaintiff was driving southbound on Interstate 95 in his 2018 Mercedes-Benz C Class 300. ECF 14-2 at 43:3–12. A white 18-wheeler truck, driving in the far right lane, struck the back right tire portion of Plaintiff's car, causing him to spin across the left lanes of traffic and

---

[1] Counsel represented Plaintiff in the state court, but no attorney has entered an appearance for Plaintiff in this Court. ECF 3; *see also* ECF 11.

strike the median separating the northbound and southbound lanes. *Id.* at 50:17–22; 51:15–21; 52:17–21; ECF 14-3 ¶ 4. At the time of the accident, Defendant was also traveling southbound on Interstate 95, in the second lane from the right, in a black and red dump truck. ECF 14-3 ¶¶ 1,2. Defendant stopped at the scene of the accident because Plaintiff's vehicle made contact with his dump truck as it spun across the lanes of travel. *Id.* ¶¶ 4–5, 7. No tractor trailer pulled over. *Id.* ¶ 7.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show that a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). A genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999).

In reviewing this motion, the Court also considers Plaintiff's self-represented status. In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that writings by self-represented complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). Although the Court applies that more liberal standard when reviewing a self-represented plaintiff's response to a defendant's summary judgment motion,

the plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" to be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994).

## III.   ANALYSIS

To prove a claim of negligence, a plaintiff must show (1) that the defendant owed a duty to protect the plaintiff from injury, (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss, and (4) that the injury or loss proximately resulted from defendant's breach. *See Wankel v. A&B Contractors, Inc.*, 127 Md. App. 128, 157 (1999) (citations omitted). A motor vehicle accident alone does not create a presumption of negligence. *Brehm v. Lorenz,* 206 Md. 500, 508 (1955). Instead, a plaintiff must produce evidence showing a breach of duty by the defendant. *Id.* at 506–08.

Here, Plaintiff has adduced no such evidence and has failed to respond to Defendant's motion entirely. Moreover, Defendant has cited uncontroverted evidence that he was not driving the vehicle that caused the accident. Plaintiff testified that the vehicle that struck him was in the far right lane, ECF 14-2 at 51:19–21, while Defendant's dump truck stayed in the second lane to the right, ECF 14-3 ¶ 2. Plaintiff testified that he believed the vehicle that struck him was a white 18-wheeler, ECF 14-2 at 52:17–21, while Defendant operated a red and black dump truck. ECF 14-3 ¶ 1. Without any evidence that Defendant drove the vehicle that caused the accident, Plaintiff has not met his burden to show a breach of a duty owed to Plaintiff or any injury that proximately resulted from Defendant's negligence. Summary judgment is therefore warranted.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment, ECF 14, will be GRANTED. A separate Order follows.

Dated: August 13, 2024                                               /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge